IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GREGORY J. BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 05-1327-WEB |
| ) | |
| CHERYL ROBERTS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

The court has received *pro se* plaintiff Gregory Barnes' "Motion to Grant Plaintiff Direct Verdict." The motion alleges that defendant Cheryl Roberts has been served and that her time to respond has lapsed. Doc. 2. The court notes that plaintiff has failed to provide proof of proper service, however, as required by subsection (c) and (l) of Rule 4 of the Federal Rules of Civil Procedure. *See Evertson v. Topeka Ass'n. for Retarded Citizens*, 2005 WL 2988716 (D. Kan., Oct. 11, 2005) ("Without the necessary proof of proper service, the court will not direct the entry of default or any other relief.").

Be that as it may, the court notes in reviewing plaintiff's complaint that a more serious problems presents itself. Namely, it is clear from the face of the complaint that this court lacks subject matter jurisdiction over the plaintiff's claim. Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In general, federal courts are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship

between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. §§ 1331, 1332. Plaintiff's complaint, which asserts claims for breach of contract and legal malpractice against his former lawyer, is based upon state law rather than federal law. Doc. 1 at 3. Moreover, the complaint alleges that both the plaintiff and the defendant are citizens of the State of Kansas, which precludes the existence of diversity jurisdiction. Doc. 1 at 2. *See Wisconsin Dept. of Corrections v. Schact*, 524 U.S. 381, 388 (1988) (case falls within diversity jurisdiction only if there is no plaintiff and no defendant who are citizens of the same state).

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h). Under the circumstances, the court concludes the action must be dismissed for lack of jurisdiction.

*Conclusion*.

Plaintiff's "Motion for Direct Verdict" (Doc. 2) is DENIED as moot. The action is hereby DISMISSED for lack of subject matter jurisdiction. The clerk is directed to enter judgment accordingly. IT IS SO ORDERED this   22nd   Day of March, 2006, at Wichita, Ks.

                                                s/Wesley E. Brown
                                                Wesley E. Brown
                                                U.S. Senior District Judge