IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GREGORY J. BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 05-1327-WEB |
| | ) |
| CHERYL ROBERTS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## Memorandum and Order

This matter is before the court on plaintiff's Motion to Reconsider. The motion was prompted by this court's order of March 22, 2006, dismissing the action for lack of subject matter jurisdiction and directing the clerk to enter judgment of dismissal.

Although plaintiff specifically eschewed any federal law claim in his complaint, he now asserts that the defendant "violated [his] Civil Rights which are protected by the Constitution of the United States." Doc. 5 at 1. Specifically, plaintiff contends he has a claim under 42 U.S.C. § 1983, because his retained attorney improperly represented him in a state paternity proceeding, and anyone who is licensed in a profession regulated by the state [i.e., an attorney] is acting under color of state law. *Id*. Plaintiff further contends his attorney caused him to be deprived of Constitution rights in the proceeding, including the "guarantee[] [of] adequate representation," "the right to a jury trial," and "the right to confront the accuser." *Id*.

Plaintiff's attempt to generate federal jurisdiction is unavailing. A retained attorney does not act

under color of state law merely by representing an individual in a paternity proceeding, or by virtue of the fact that attorneys are licensed and regulated by the state. *See e.g., Harley v. Oliver*, 539 F.2d 1143, 1145-46 (8th Cir. 1976) (attorney's actions representing father in a child custody proceeding were not "under color of state law"); *Dickerson v. Leavitt Rentals*, 995 F.Supp. 1242, (D. Kan. 1988) ("It is well-established law that a private attorney, 'though an officer of the court,' is not a state actor for purposes of section 1983.").

Plaintiff has shown no potential basis for federal subject matter jurisdiction over his claim. Accordingly, his Motion to Reconsider (Doc. 5) is DENIED.[1]

IT IS SO ORDERED this  5th   Day of April, 2005, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge

---

[1] Plaintiff's motion also includes what he claims is proof that the defendant was properly served with a copy of the complaint and a summons. The documents are inadequate, however, to establish that service was accomplished. Among other things, the copy of the summons submitted by plaintiff was issued on November 25, 2005, but plaintiff has signed a declaration of service apparently claiming that he served the defendant on November 3, 2005.